IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KEVIN MACISAAC, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | No. 3:19-cv-00118 |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| | * | |
| Defendant | * | |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXCLUDE CHUCK HOWARTH AND DORI HOWARTH AS EXPERTS IN THIS MATTER

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to Local Rule 7.01(d), files this supplemental brief in support of its motion to exclude Chuck Howarth and Dori Howarth as experts in this matter ("Motion"), [Doc. 53]. This brief addresses the Howarths' deposition testimony, which occurred after State Farm's final brief in support of the Motion.

In the Motion, State Farm seeks to exclude the Howarths' expert testimony used to support the allegation that the cost to remediate Plaintiff Kevin MacIsaac's ("MacIsaac") property is approximately $178,548.15. [Doc. 53, PageID # 2531]. Their testimony should be excluded under Rule 26(a)(2), Rule 702, and the Court's gatekeeping duty: (1) the Howarths' one-page, Xactimate report does not state the Howarths' opinions, and (2) that report failed to identify the basis, facts, methods, theories, techniques, and data considered and used by the Howarths in reaching their opinions. [*Id.* at PageID # 2531-33]. Since outlining these problems, State Farm has deposed the Howarths, and the Howarths' testimony must be excluded because it is irrelevant, unhelpful, and likely to confuse the issues.

A qualified expert may only offer testimony helpful to the trier of fact. Fed. R. Evid. 702(a). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S 579, 591 (1993) (citation and internal quotations omitted). Moreover, the probative value of such irrelevant testimony "is substantially outweighed by a danger of... unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time[.]" Fed. R. Evid. 403.

Here, the only relevant measure of damage is the actual cost value loss that MacIsaac suffered. Under the policy, MacIsaac is only entitled to the actual cash value of the loss "until actual repair or replacement is completed[.]" (Policy, p. 11, Sec. I – Loss Settlement, Coverage A – Dwelling, 1. A1 – Replacement Cost Loss Settlement – Similar Construction., attached as **Exhibit A**). MacIsaac did not repair or replace his allegedly damaged property. When asked about the Howarths' $178,403 estimate for repairs to the property, MacIsaac testified that he did not complete those repairs, expend any money to make those repairs, or have any out-of-pocket repair expenses. (Deposition of MacIsaac, pp. 86-87, 89, attached as **Exhibit B**). Instead, he sold the home as-is for $195,000. (*Id.* at p. 86). Thus, the only relevant measure of MacIsaac's damages is the actual cash value of the loss.

But the Howarths intend to offer opinions on the irrelevant issue of replacement cost value. When asked "what opinions you're going to express at trial," Mr. Howarth testified that he "always starts on a replacement-cost basis" and did not remember performing an actual cost value estimate. (Deposition of Mr. Howarth, pp. 17-19, attached as **Exhibit C**). Likewise, Ms. Howarth testified that she performed replacement cost value estimates and performed no actual cost value estimates. (Deposition of Ms. Howarth, pp. 9-10, attached as **Exhibit D**). In other words, the Howarths will offer expert testimony intended to support MacIsaac's estimate of damages, these opinions will be based on the replacement cost value, and the Howarths have not even performed an actual cost value estimate.

Such testimony is irrelevant, thus not helpful, because MacIsaac did not repair or replace. The Howarths intend to proffer their $178,403 replacement cost value estimate of damages, yet they

acknowledge that none of the damaged property was repaired or replaced. (Exhibit C, pp. 17-19; Exhibit D, pp. 9-10). There is also no probative value to this testimony, but even if there was, the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time substantially outweighs whatever negligible value the testimony will provide. The jury will be misled into believing that the $178,403 estimate is a proper measure of damages, though it is not allowed under the policy. Even if it is not misled, it will be a complete waste of time to allow them to testify on a measure of damages that will never be recovered.

Based on the foregoing, State Farm moves this Court to exclude the testimony of Mr. Howarth and Ms. Howarth from the trial of this matter.

Respectfully submitted this the 23rd day of July 2021.

/s/ Matthew J. Evans
Matthew J. Evans        (BPR #017973)
Adam R. Duggan         (BPR #035121)
Kay Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, Tennessee 37902
Matthew.Evans@kaygriffin.com
aduggan@kaygriffin.com
(865) 314-8422
(865) 320-0894 (fax)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Supplemental Brief in Support of Motion to Exclude Chuck Howarth and Dori Howarth as Experts in this Matter* was served upon the following via the Court's electronic filing system on this the 23rd day of July 2021.

Jonathan L. Bobbitt, Esq.
J. Brandon McWherter, Esq.
McWherter Scott Bobbitt PLC
341 Cool Springs Boulevard, #230
Franklin, Tennessee 37067

/s/Matthew J. Evans
Matthew J. Evans